JUDGE SULLIVAN

14 CV 4355

Thomas S. Biemer, Esquire
Gregory A. Blue, Esquire
DILWORTH PAXSON LLP
99 Park Avenue, Suite 320
New York, NY  10016
T: (917) 675-4250
F: (212) 208-6874

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

IXI Mobile (R&D) Ltd. and
IXI IP, LLC,
          Plaintiffs

v.

SAMSUNG ELECTRONICS CO., LTD,
SAMSUNG ELECTRONICS AMERICA, INC. and
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC,
          Defendants

-----------------------------------------------------------------x



Civil No.:

COMPLAINT AND
JURY DEMAND

14-CV-4355 RJS-DF
ECF CASE

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs IXI Mobile (R&D) Ltd. and IXI IP, LLC (collectively "Plaintiffs"), for their Complaint against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (collectively, "Defendants" or "SAMSUNG"), allege as follows:

### NATURE OF THE ACTION

1.     This is an action arising under the patent laws of the U.S. (35 U.S.C. § 100 *et seq.*) based upon SAMSUNG's infringement of one or more U.S. patents owned by the Plaintiffs.

**THE PARTIES**

2.     IXI Mobile (R&D) Ltd. ("IXI"; formerly known as IXI Mobile (Israel) Ltd.) is a company incorporated and registered under the law of Israel with a registered address of 11 Moshe Levi Street Rishon Lezion 75658, Israel. IXI develops, makes, and sells wireless mobile devices (e.g., cellular telephones and messaging devices) and related services.  IXI previously owned each of the patents at issue in this litigation (the "Patents-in-Suit") and now has an exclusive license to the Patents-in-Suit.

3.     IXI IP, LLC ("IXI IP") is a New York limited liability company with a registered address of 1218 Central Avenue, Suite 100, Albany, NY 12205.   IXI IP owns the Patents-in-Suit. IXI IP has exclusively licensed the Patents-in-Suit to IXI.

4.     Samsung Electronics Co., Ltd. ("SEC") is a Korean corporation with its principal offices at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, 100-742, South Korea.  On information and belief, SEC sells wireless mobile devices and related services.

5.     Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  On information and belief, SEA sells wireless mobile devices and related services.

6.     Samsung Telecommunications America, LLC ("STA") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75081.   On information and belief, sells wireless mobile devices and related services.

7.     SEC, SEA, and STA are collectively referred to as "SAMSUNG" in this Complaint.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over SEA because SEA has purposely availed itself of the benefits of New York law by incorporating in the State of New York.

10. This Court has personal jurisdiction over SAMSUNG because each of SEC, SEA and STA has committed and continues to commit acts of patent infringement within the U.S. and this Judicial District, in violation of 35 U.S.C. § 271.  Furthermore each of SEC, SEA and STA places infringing products and services into the stream of commerce, with the knowledge or understanding that such products and services are sold and/or used in the State of New York, including in this District.  The acts by SAMSUNG within this District cause injury to Plaintiffs.  Upon information and belief, SAMSUNG derive substantial revenue from the sale and use of infringing products and services within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because SAMSUNG have committed and continue to commit acts of patent infringement in this Judicial District, have induced and are continuing to induce others to infringe the Patents-in-Suit in this District, provide a substantial volume of goods to this District, and do a substantial amount of business within this District, and thus have purposefully availed themselves of the privilege of conducting business within the State of New York and this Judicial District.

**BACKGROUND**

12. This dispute involves technology called "mobile tethering," which permits a device to access a wide area network (such as the Internet) by way of a connection between the first

116740587_5

3

device and a second, intermediary, device that has access to the wide area network. An example of mobile tethering is use of a cellular telephone as a source of Internet connectivity for a personal computer that is linked with the cellular telephone. Mobile tethering permits devices having only short-range connectivity to access distant networks using the long-range wireless connectivity of a second device. The dispute also involves technology relating to remote control of mobile communication devices such as cellular telephones.

13. IXI was formed in 2000 and develops phone operating systems and messaging devices.

14. IXI filed patent applications describing its technological developments in the field of mobile communications. The Patents-in-Suit are among the patents issued to IXI by the U.S. Patent and Trademark Office (USPTO).

## THE PATENTS-IN-SUIT

15. The Patents-in-Suit are:

    A.    U.S. Patent No. 7,295,532 ("the '532 Patent"), which issued on November 13, 2007;

    B.    U.S. Patent No. 7,426,398 ("the '398 Patent"), which issued on September 16, 2008;

    C.    U.S. Patent No. 7,039,033 ("the '033 Patent"), which issued on May 2, 2006; and

    D.    U.S. Patent No. 7,016,648 ("the '648 Patent"), which issued on March 21, 2006.

16.     True and correct copies of the '532 Patent, the '398 Patent, the '033 Patent, and the '648 Patent are attached to this Complaint as Exhibits A-D, respectively.

## SAMSUNG'S INFRINGEMENT

17.     SAMSUNG make, use, offer for sale, and/or sell within the U.S. and/or import into the U.S. devices which infringe one or more claims of the Patents-in-Suit, including the Galaxy S™II, Galaxy S™III, Galaxy S™4, and Galaxy S™5 smartphone products, the Galaxy Note™ 3 tablet computing device, and the LTE™ Mobile HotSpot PRO mobile Internet hub device ("Accused Products").

18.     The fields of mobile tethering, cellular telephony and Internet connectivity are protected by many U.S. patents and patent applications claiming various aspects of these technologies, and it is a routine practice in these fields for major manufacturers and service providers to canvass U.S. patents and pending patent applications in order to identify those which may be relevant to a product or service to be made, use, sold, or offered for sale in, or imported into the U.S. prior to commencing such making, use, selling, offering, or importing. In fact, at least one of the Patents-in-Suit (the '398 Patent) was explicitly brought to SAMSUNG's attention by the U.S. Patent and Trademark Office when it was used as a basis for rejecting a patent application (published as US2011/0161807) filed by SAMSUNG. Therefore, SAMSUNG either i) were aware of the Patents-in-Suit and their relevance to the Accused Products at all times relevant to this suit or ii) willfully blinded themselves to the existence of the Patents-in-Suit and their relevance to the Accused Products.

**FIRST COUNT FOR RELIEF**

**(INFRINGEMENT OF THE '532 PATENT)**

19. The allegations of every preceding item in this Complaint are incorporated herein by reference.

20. SAMSUNG have made, used, offered for sale, sold, and/or imported Accused Products without the authority of the owner of the '532 Patent in violation of 35 U.S.C. § 271(a).

21. Despite their knowledge or willful blindness of the '532 Patent, SAMSUNG have actively induced one another and/or others to make, use, offer for sale, sell, and/or import Accused Products without the authority of the owner of the '532 Patent in violation of 35 U.S.C. § 271(b), for example through joint business planning and/or provision of instructional and promotional materials provided in connection with Accused Products, including the associated user manuals.

22. Despite their knowledge or willful blindness of the '532 Patent, SAMSUNG have acted in concert with one another and/or others to make, use, offer for sale, sell, and/or import Accused Products without the authority of the owner of the '532 Patent in violation of 35 U.S.C. § 271(c).

23. On information and belief, SAMSUNG knew at all times relevant to this Complaint, that Accused Products are made and intended especially for use in the systems claimed in the '532 Patent.

24. On information and belief, Samsung knew at all times relevant to this Complaint, that Accused Products are not suitable for substantial uses in mobile tethering systems other than those claimed in the '532 Patent.

25. IXI and IXI IP have sustained, are sustaining, and will continue to sustain damages owing to SAMSUNG's Infringement of the '532 Patent.

26. SAMSUNG's Infringement of the '532 Patent is continuing and is expected to continue unless enjoined by this Court. IXI and IXI IP do not have an adequate remedy at law, will be irreparably harmed if SAMSUNG's Infringement of the '532 Patent is permitted to continue, and are therefore entitled to an injunction against further Infringement by each of SAMSUNG pursuant to 35 U.S.C. § 283.

27. On information and belief, SAMSUNG's Infringement of the '532 Patent is exceptional and IXI and IXI IP are therefore entitled to recover reasonable attorneys' fees incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## SECOND COUNT FOR RELIEF
## (INFRINGEMENT OF THE '398 PATENT)

28. The allegations of every preceding item in this Complaint are incorporated herein by reference.

29. SAMSUNG have made, used, offered for sale, sold, and/or imported Accused Products without the authority of the owner of the '398 Patent in violation of 35 U.S.C. § 271(a).

30. Despite their knowledge or willful blindness of the '398 Patent, SAMSUNG have actively induced one another and/or others to make, use, offer for sale, sell, and/or import Accused Products without the authority of the owner of the '398 Patent in violation of 35 U.S.C. § 271(b), for example through joint business planning and/or provision of instructional and promotional materials provided in connection with Accused Products, including the associated user manuals.

31. Despite their knowledge or willful blindness of the '398 Patent, SAMSUNG have acted in concert with one another and/or others to make, use, offer for sale, sell, and/or import

Accused Products without the authority of the owner of the '398 Patent in violation of 35 U.S.C. § 271(c).

32. On information and belief, SAMSUNG knew at all times relevant to this Complaint, that Accused Products are made and intended especially for use in the methods claimed in the '398 Patent.

33. On information and belief, SAMSUNG knew at all times relevant to this Complaint, that Accused Products are not suitable for substantial uses other than those claimed in the '398 Patent.

34. IXI and IXI IP have sustained, are sustaining, and will continue to sustain damages owing to SAMSUNG's Infringement of the '398 Patent.

35. SAMSUNG's Infringement of the '398 Patent is continuing and is expected to continue unless enjoined by this Court. IXI and IXI IP do not have an adequate remedy at law, will be irreparably harmed if Samsung's Infringement of the '398 Patent is permitted to continue, and are therefore entitled to an injunction against further Infringement by each of SAMSUNG pursuant to 35 U.S.C. § 283.

36. On information and belief, SAMSUNG's Infringement of the '398 Patent is exceptional and IXI and IXI IP are therefore entitled to recover reasonable attorneys' fees incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

### THIRD COUNT FOR RELIEF
### (INFRINGEMENT OF THE '033 PATENT)

37. The allegations of every preceding item in this Complaint are incorporated herein by reference.

38. SAMSUNG have made, used, offered for sale, sold, and/or imported Accused Products without the authority of the owner of the '033 Patent in violation of 35 U.S.C. § 271(a).

39. Despite their knowledge or willful blindness of the '033 Patent, SAMSUNG have actively induced one another and/or others to make, use, offer for sale, sell, and/or import Accused Products without the authority of the owner of the '033 Patent in violation of 35 U.S.C. § 271(b), for example through joint business planning and/or provision of instructional and promotional materials provided in connection with Accused Products, including the associated user manuals.

40. Despite their knowledge or willful blindness of the '033 Patent, SAMSUNG have acted in concert with one another and/or others to make, use, offer for sale, sell, and/or import Accused Products without the authority of the owner of the '033 Patent in violation of 35 U.S.C. § 271(c).

41. On information and belief, SAMSUNG knew at all times relevant to this Complaint, that Accused Products are made and intended especially for use in the systems claimed in the '033 Patent.

42. On information and belief, SAMSUNG knew at all times relevant to this Complaint, that Accused Products are not suitable for substantial uses in mobile tethering systems other than those claimed in the '033 Patent.

43. IXI and IXI IP have sustained, are sustaining, and will continue to sustain damages owing to SAMSUNG's Infringement of the '033 Patent.

44. SAMSUNG's Infringement of the '033 Patent is continuing and is expected to continue unless enjoined by this Court.  IXI and IXI IP do not have an adequate remedy at law, will be irreparably harmed if SAMSUNG's Infringement of the '033 Patent is permitted to

continue, and are therefore entitled to an injunction against further Infringement by each of SAMSUNG pursuant to 35 U.S.C. § 283.

45. On information and belief, SAMSUNG's Infringement of the '033 Patent is exceptional and IXI and IXI IP are therefore entitled to recover reasonable attorneys' fees incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## FOURTH COUNT FOR RELIEF
## (INFRINGEMENT OF THE '648 PATENT)

46. The allegations of every preceding item in this Complaint are incorporated herein by reference.

47. SAMSUNG have made, used, offered for sale, sold, and/or imported Accused Products without the authority of the owner of the '648 Patent in violation of 35 U.S.C. § 271(a).

48. Despite their knowledge or willful blindness of the '648 Patent, SAMSUNG have actively induced one another and/or others to make, use, offer for sale, sell, and/or import Accused Products without the authority of the owner of the '648 Patent in violation of 35 U.S.C. § 271(b), for example through joint business planning and/or provision of instructional and promotional materials provided in connection with Accused Products, including the associated user manuals.

49. Despite their knowledge or willful blindness of the '648 Patent, SAMSUNG have acted in concert with one another and/or others to make, use, offer for sale, sell, and/or import Accused Products without the authority of the owner of the '648 Patent in violation of 35 U.S.C. § 271(c).

50. On information and belief, SAMSUNG knew at all times relevant to this Complaint, that Accused Products are made and intended especially for use in the systems and methods claimed in the '648 Patent.

51. On information and belief, SAMSUNG knew at all times relevant to this Complaint, that the Accused Products are not suitable for substantial uses other than those claimed in the '648 Patent or for uses in mobile tethering systems other than those claimed in the '648 Patent.

52. IXI and IXI IP have sustained, are sustaining, and will continue to sustain damages owing to SAMSUNG's Infringement of the '648 Patent.

53. SAMSUNG's Infringement of the '648 Patent is continuing and is expected to continue unless enjoined by this Court. IXI and IXI IP do not have an adequate remedy at law, will be irreparably harmed if SAMSUNG's Infringement of the '648 Patent is permitted to continue, and are therefore entitled to an injunction against further Infringement by each of SAMSUNG pursuant to 35 U.S.C. § 283.

54. On information and belief, SAMSUNG's Infringement of the '648 Patent is exceptional and IXI and IXI IP are therefore entitled to recover reasonable attorneys' fees incurred in prosecuting this action in accordance with 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request this Court to enter judgment in their favor against each of the Defendants and to grant the following relief:

A. an adjudication that each of the Defendants has infringed one or more claims of the Patents-in-Suit pursuant to 35 U.S.C. §§ 271(a), 271(b), and/or 271(c);

B. a judgment declaring that continuing manufacture, use, offer for sale, sale, and/or importation of Accused Products, or inducement of or contribution to such conduct, by any of

Defendants would constitute infringement of one or more claims of the Patents-in-Suit pursuant to 35 U.S.C. §§ 271(a), 271(b), and/or 271(c);

  C. a permanent injunction enjoining each of Defendants and its corresponding officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and all persons in active concert or participation with any of them, from infringing each of the Patents-in-Suit, and/or contributing to or inducing anyone to do the same, including manufacture, use, offer to sell, sale, and/or importation of Accused Products before the expiration of each of the Patents-in-Suit;

  D. an award of damages sustained by Plaintiffs as a result of SAMSUNG's Infringement of the Patents-in-Suit, in an amount to be ascertained at trial, including at least a reasonable royalty on sales of Accused Products and/or Plaintiffs' lost profits;

  E. an assessment of pre-judgment and post-judgment interest and costs against SAMSUNG, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

  F. a determination that this is an exceptional case and a corresponding award of reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

  G. such other or further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues properly so triable.

Dated: 6/16/14
New York, New York

Respectfully submitted,

*Thomas S. Biemer*

Thomas S. Biemer, Esquire
Gregory A. Blue, Esquire
DILWORTH PAXSON LLP
99 Park Avenue, Suite 320
New York, NY 10016
T: (917) 675-4250
F: (212) 208-6874
tbiemer@dilworthlaw.com
gblue@dilworthlaw.com

Philadelphia, PA Office:

Thomas S. Biemer, Esquire
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
T: (215) 575-7025
F: (215) 575-7200

*Attorneys for the Plaintiff*